IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **RUTT KARINA CUEVAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 3:21-CV-245-MPM-JMV |
| **AMERICAN PACIFIC, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This court presently has before it an unopposed motion to enforce settlement filed by defendant American Pacific, Inc. In conceding the arguments raised in that motion, counsel for plaintiff writes that:

> 2. Plaintiff's attorney agrees that he was given the authority to settle the case for Ms. Cuevas, by Ms. Cuevas.
> 3. Plaintiff's attorney agrees that he conveyed to opposing counsel that we had a deal to settle the case for the amount stated in the email attached to Defendant's motion.
> 4. Ms. Cuevas has never disputed that she gave her attorney the authority to settle her case for the amount specified.
> 5. However, Ms. Cuevas would not sign the settlement agreement presented by Defendant because she disagreed with the terms in the settlement agreement.
> 6. Plaintiff's attorney was unable to convince Ms. Cuevas to sign the agreement.
> 7. Plaintiff's attorney does not oppose Defendant's motion to enforce the settlement agreement.

[Brief at 1].

In light of these concessions, the only issue before this court is that relating to

attorneys' fees. In its motion, defendant argues that it should be awarded its attorneys' fees incurred in filing this motion, asking this court to:

> 2. Enter an order awarding Defendant American Pacific, Inc. its reasonable attorneys' fees and costs associated with its efforts to enforce the settlement agreement, to be paid out of the settlement funds designated to Plaintiff in the Release; an accounting of which shall be submitted via separate motion, or evidentiary hearing, as the Court so requests.

[Brief at 5].

In opposing this request, counsel for plaintiff writes that:

> 8. However, Plaintiff's attorney opposes Ms. Cuevas being assessed attorney's fees and costs associated with Defendant's motion. Ms. Cuevas' primary language is Spanish, and her command of English is poor. Ms. Cuevas is not an attorney and does not understand the legal process. It would not be fair to assess Ms. Cuevas attorney's fees and costs in this case.

[Brief at 1].

This court does not regard this as a persuasive argument in opposition to attorneys' fees. In so stating, it notes that plaintiff should be aware of the importance of keeping her word, regardless of her native language or her understanding of the legal system. This court also notes that it has limited means at its disposal to actually compel plaintiff to sign the settlement agreement, and it seems clear that there must be some incentive for plaintiffs to keep their word as it relates to settlement agreements. This court will accordingly grant defendant's motion for attorneys' fees, although it does not believe that its very short motion, consisting mostly of citations to authority, would justify a large award of fees. This court further notes

2

that it does not intend to award any fees in this case beyond those incurred in filing this specific motion, and it encourages the parties to come to an agreement regarding a fair amount of fees in this regard.

In light of the foregoing, it is ordered that the motion to enforce settlement is granted, and plaintiff is directed to sign the settlement she agreed to within ten (10) days of this order. Regardless of whether plaintiff actually does sign the agreement, she should be aware this lawsuit will not be going forward and that her only chance to obtain any financial recovery lies in the settlement in this case.[1] Defendant's request for attorneys' fees is granted, and, should the parties be unable to agree on the amount of fees, it is ordered to submit its *reasonable* request for attorneys' fees within two weeks of this order.

This, the 5th day of January, 2023.

/s/ Michael P. Mills
U.S. DISTRICT COURT

---

[1] It strikes this court that, in light of this fact, defendant has already obtained most of what it sought through the settlement agreement, regardless of plaintiff's signature. This court therefore does not believe that a lengthy legal dispute regarding plaintiff's signature would be appropriate, and it believes that only limited attorneys' fees in this regard are warranted.